UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RACHAEL HOWE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:10-cv-1983-M |
| | § | |
| YELLOWBOOK, USA and | § | |
| MAX ANDREWS, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Motions to Dismiss and/or for Summary Judgment filed by Defendants Yellowbook, Inc., successor in interest to Yellow Book USA ("Yellowbook") [Docket Entry #10] and Max Andrews ("Andrews") [Docket Entry #17]. For the reasons stated below, the Motion to Dismiss and/or for Summary Judgment filed by Yellowbook is **GRANTED** in part and **DENIED** in part, and the Motion to Dismiss and/or for Summary Judgment filed by Andrews is **GRANTED** in part and **DENIED** in part.

I. BACKGROUND

Rachael Howe ("Howe") worked for Yellowbook and its predecessor companies in Louisville, Kentucky for approximately fifteen years. In November 2009, Howe agreed with Yellowbook that she would move from Kentucky to Waco, Texas for a promotion to Area Manager. Effective January 4, 2010, Howe transferred to Waco as a District Sales Manager. Howe alleges she accepted the transfer with the understanding, based on promises and representations made by Andrews, a Yellowbook General Sales Manager, that she would be promoted to Area Manager. Despite transferring to Waco, Howe continued to reside in

Kentucky with her family, commuting to Waco and residing in a hotel.

On March 1, 2010, Howe gave a presentation at a business meeting, which Andrews attended. After the meeting, Andrews and Howe went to a restaurant together for dinner, followed by drinks at a nearby bar. Howe alleges that Andrews advised her that it was part of the culture of the company for managers to have dinner meetings, followed by drinks. At approximately 2:00 a.m. on March 2, 2010, Andrews drove Howe back to her hotel, where Howe alleges Andrews attempted to force her to have sex with him. Howe promptly reported what occurred to her immediate supervisor, Don White, explaining that Andrews had taken advantage of her and used his power over her career to force himself upon her. Howe also reported the incident to Yellowbook's Human Resources department, advising that she was mentally, emotionally, and physically damaged and distraught. According to Yellowbook, the Human Resources department investigated Howe's allegations and concluded that inappropriate and unprofessional, albeit consensual, conduct occurred between Howe and Andrews due to the influence of alcohol.

Howe returned to Kentucky. She claims that she was constructively discharged because Andrews remained her superior, and thus she could not return to Waco, and Yellowbook would not allow her to return to work in Louisville. Yellowbook presents evidence that it issued a warning to Andrews and removed Howe and the Waco office from any supervision by Andrews. (Yellowbook App. Ex. A-1.) Yellowbook further asserts that it permitted Howe to return to Kentucky and placed Howe on a leave of absence, during which time she started to work for another company.

On May 7, 2010, Howe filed a charge with the Equal Employment Opportunity Commission ("EEOC"). On August 27, 2010, Howe filed her Original Petition in Dallas County

Court ("Petition"). Defendants removed the suit on October 1, 2010. In her Petition, Howe asserts claims under Title 42 U.S.C. Section 2000e *et. seq.* ("Title VII") and the Texas Commission on Human Rights Act ("TCHRA") for sexual harassment/discrimination and retaliation as to Yellowbook and Andrews.[1] Howe further asserts state common law tort claims for intentional infliction of emotional distress ("IIED") and fraudulent representations as to both Defendants, negligent supervision and retention as to Yellowbook, and assault and battery as to Andrews. Yellowbook and Andrews now move to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or for summary judgment pursuant to Federal Rule of Civil Procedure 56.[2]

II. LEGAL STANDARD

The Court has reviewed the parties' evidence under Federal Rules of Civil Procedure 12 and 56; therefore, the Court provides a description of both the standard for Rule 12 dismissal for failure to state a legal claim and Rule 56 summary judgment.

A. Rule 12(b)(6) Standard

To survive a Rule 12(b)(6) motion to dismiss, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard Rule

---

[1] On the face of Howe's Petition, Howe asserts claims under Title VII and the TCHRA as to both Defendants. (Compl. ¶¶ 26–30, 36.) However, Howe states in her Response to Andrews's Motion that her Title VII and TCHRA claims are only against Yellowbook, not Andrews. (Pl. Resp. to Andrews ¶ 36.) Because the Petition is subject to a contrary construction, the Court dismisses the Title VII and TCHRA claims against Andrews with prejudice. *See* Section IV.A., *supra*.

[2] Attached to Plaintiff's Response to the Motion to Dismiss and/or for Summary Judgment filed by Yellowbook is the Affidavit of David Bell (Pl.'s App. Ex. 1.). In the Affidavit, Bell states that he has requested the depositions of Andrews and Don White on three separate occasions, but has been thwarted by the Defendants. To the extent Plaintiff seeks a continuance on this basis, the Court denies it. Bell has not sufficiently demonstrated that Plaintiff cannot present essential facts to justify her opposition without these depositions. Further, over the nearly six months that Plaintiff allegedly sought these depositions, she never filed a motion to compel, and simply let the discovery deadline lapse.

8 announces does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal,* 556 U.S. 662, ---, 129 S.Ct. 1937, 1949 (2009). While a court must accept all of the plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Id.* at 1949–50 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Twombly,* 550 U.S. at 570. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the pleader is plausibly entitled to relief. Fed. Rule Civ. P. 8(a)(2); *Iqbal,* 129 S.Ct. at 1950.

B.     Rule 56 Standard

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If a reasonable jury could return a verdict for the non-moving party, then there is a genuine dispute of material fact. *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 417 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lynch Props., Inc. v. Potomac Ins. Co.,* 140 F.3d 622, 625 (5th Cir. 1998). Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate, by designating specific facts beyond the pleadings that prove the existence of a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(a); *Anderson*, 477 U.S. at 250; *Fields v. City of S. Hous.*, 922 F.2d 1183, 1187 (5th Cir. 1991). In determining whether a

genuine dispute of material fact exists, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists." *Lynch Props.*, 140 F.3d at 625 (citation omitted).

### III. MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT FILED BY YELLOWBOOK

A.  Title VII Claims

Yellowbook contends that Howe failed to exhaust her administrative remedies as required before one can pursue a Title VII claim in federal court. Yellowbook argues that even though Howe filed a charge with the EEOC, that charge was pending before the EEOC, and no right-to-sue letter was issued to Plaintiff before she initiated this action. Yellowbook further argues that post-suit issuance of a right-to-sue letter by the EEOC does not cure Plaintiff's failure to exhaust administrative remedies, and dismissal is still required.[3] Howe argues that because

---

[3] In footnote one of its Motion, Yellowbook states that, "[to] the extent necessary for the court to reach the issue of whether the failure to exhaust administrative remedies under [Title VII] is one of subject matter jurisdiction or only a mandatory prerequisite to suit, this Motion is made also under Rule 12(b)(1)." (Yellowbook Mem. Supp. Mot. to Dismiss/Summ. J. 1.) The Fifth Circuit recognizes "there is disagreement in this circuit on whether a Title-VII prerequisite, such as exhaustion, is merely a prerequisite to suit, and thus subject to waiver and estoppel, or whether it is a requirement that implicates subject matter jurisdiction." *Pacheco v. Mineta*, 448 F.3d 783, 788 n.7 (5th Cir. 2006). Courts in this district have repeatedly held that "[e]xhaustion of administrative remedies is a statutory condition precedent to maintaining a Title VII action in district court, not a jurisdictional prerequisite." *Gates v. City of Dallas, Tex.*, No. 3:96-CV-2198-D, 1997 WL 405144, at *1 (N.D. Tex. July 15, 1997) (Fitzwater, C.J.) (citing *Pinkard v. Pullman-Standard, Inc.*, 678 F.2d 1211, 1218–19 (5th Cir. Unit B 1982) (per curiam), *cert. denied*, 459 U.S. 1105 (1983); *see also Ndupu v. Methodist Health Sys.*, No. 3:08-CV-381-M, 2009 WL 1490694, *3 (N.D. Tex. May 27, 2009) (Lynn, J.) (accepting findings and recommendations of Magistrate Judge Ramirez); *Baney v. Gonzalez*, No. 3:06-CV-2064-L, 2007 WL 1944462, at *4 (N.D. Tex. June 27, 2007) (Lindsay, J.) (accepting findings and recommendations of Magistrate Judge Ramirez); *Dixon v. Moore Wallace, Inc.*, No. 3:04-CV-1532-D, 2006 WL 1949501, at *7 n. 12 (N.D. Tex. July 13, 2006) (Fitzwater, C.J.) (following recent decisions holding that exhaustion is not jurisdictional); *Teemac v. Potter*, No. 3:01-CV-699-G, 2001 WL 1135392, at *1 (N.D. Tex. Sept. 20, 2001) (Fish, J.) (treating failure to exhaust administrative remedies as a prerequisite to suit). "Because the failure to exhaust is a condition precedent rather than a jurisdictional prerequisite, a motion to dismiss based on such a failure is

she has now received a right-to-sue letter, her claims should not be dismissed.

Title VII of the Civil Rights Act prohibits discrimination against "any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. Before an individual can pursue a Title VII claim in federal court, she must first exhaust her available administrative remedies. *See Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378–79 (5th Cir. 2002). Title VII requires that a complainant must first file a charge with the EEOC within 180 days (or 300 days when complainant has initially instituted proceedings with a state or local agency) after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1). The timely filing of a charge with the EEOC is a prerequisite to maintaining a Title VII action. *See United Air Lines, Inc. v. Evans*, 431 U.S. 553, 555 n.4, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977); *Price v. Choctaw Glove & Safety Co., Inc.*, 459 F.3d 595, 598 (5th Cir. 2006). If the EEOC dismisses a claim, it then issues a right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1). Once the EEOC has issued a right-to-sue letter, the complainant has 90 days in which to file a Title VII action in federal court. *Id.*

The Fifth Circuit has held that "receipt of a right-to-sue letter subsequent to the commencement of a Title VII action, but while the action remains pending, satisfies the precondition that a plaintiff obtain statutory notice of the right to sue before filing a civil action under Title VII." *Pinkard*, 678 F.2d at 1219. In so ruling, the Fifth Circuit found the remedial purpose of the Act was satisfied, and that barring a Title VII plaintiff who received a right-to-sue letter after filing suit "would be an extreme sanction." *Id.* at 1218. Relying on *Tolbert v. United*

---

properly filed pursuant to Rule 12(b)(6) rather than Rule 12(b)(1)." *Gates*, 1997 WL 405144, at *1; *see also Baney*, 2007 WL 1944462, at *4. The Court therefore addresses Yellowbook's motion to dismiss Plaintiff's Title VII claim pursuant to Rule 12(b)(6).

*States*, 916 F.2d 245, 249 (5th Cir. 1990), Yellowbook argues that a failure to exhaust administrative remedies cannot be cured by post-suit issuance of a right-to-sue letter. In *Tolbert*, plaintiff filed an EEOC charge with her former employer, the United States Postal Service ("USPS"), as required by 29 C.F.R. § 1613.201, *et seq.*[4] 916 F.2d at 248 (explaining federal agency administrative scheme, which includes right to sue or to file administrative appeal after agency decision). The USPS rejected plaintiff's complaint, and she timely appealed to the EEOC's Office of Review and Appeal. *Id.* at 246–47. The Office of Review and Appeal did not issue a decision on the appeal until after plaintiff filed her suit in federal court, and the Fifth Circuit found that plaintiff's failure to exhaust her administrative remedies could not be cured by the issuance of the decision after suit. *Id.* at 249. The panel found that failure to exhaust Title VII administrative remedies was a jurisdictional requirement, not distinguishing the contrary earlier decision in *Pinkard*. According to the rules of the Circuit, *Tolbert* is not controlling because it was issued after *Pinkard*, and there have been no intervening Supreme Court or Fifth Circuit *en banc* cases supporting *Tolbert*. *See Rios v. City of Del Rio Texas*, 444 F.3d 417, 425 n.8 (5th Cir. 2006) (earliest opinion controls absent an intervening Supreme Court or Fifth Circuit *en banc* decision holding to the contrary).

Here, Howe received her right-to-sue letter on June 17, 2011, after this suit was filed. (Pl.'s App. Ex. 2.)[5] Applying *Pinkard*, the Court finds that Howe has satisfied the precondition

---

[4] In *Tolbert*, the regulations governing equal employment opportunities in the federal government were codified in 29 C.F.R. § 1613.201, *et seq.* The current version of these regulations are codified in 29 C.F.R. § 1614.101, *et seq.*
[5] This Exhibit is considered part of the pleadings, because Plaintiff specifically refers to having complied with all conditions precedent to jurisdiction, which is central to her Title VII claim. *See Buyze v. Mukasey*, No. 3:07-CV-1191-M, 2008 WL 904718, at *3 n.2 (N.D. Tex. Mar. 31, 2008) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir.2000) and *USA ex re. Barrett v. Johnson Controls, Inc.*, 2003 WL 21500400, at *9 n. 74 (N.D.Tex. Apr.9, 2003) (Lynn, J.) to find document attached to plaintiff's response is part of the pleadings where

of obtaining statutory notice of a right to sue. Therefore, Yellowbook's Motion to Dismiss Howe's Title VII claims for failure to exhaust is denied.

B.     TCHRA Claims

Yellowbook contends that Howe failed to exhaust her administrative remedies as required before pursuit of her TCHRA claims, because she did not request that her EEOC charge be filed with the Texas Workforce Commission Civil Rights Division ("Commission" or "TWC") and no independent complaint was filed with the TWC by Howe. Howe asserts that her EEOC charge was dual-filed with the TWC.

"The [TCHRA] requires the exhaustion of state remedies as a jurisdictional prerequisite."[6] *Jones v. Grinnell Corp.*, 235 F.3d 972, 974 (5th Cir. 2001) (citing *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex. 1991)). "If a complainant fails to exhaust his state administrative remedies, the [TCHRA] jurisdictionally bars this court from hearing the case regardless of equitable and policy concerns." *Id.* (citing *Zevator v. Methodist Hosp. of Houston*, No. 94-859-H, 1995 WL 500637, at *2 (S.D.Tex. Mar. 30, 1995); *Ridgway's Inc. v. Payne*, 853 S.W.2d 659, 663 (Tex. App.—Houston [14th Dist.] 1993, no writ)). Exhaustion requires an individual to (1) file a complaint with the [Commission] within 180 days of the alleged discriminatory act; (2) allow the [Commission] to dismiss the complaint or resolve the complaint within 180 days before filing suit; and (3) file suit no later than two years after the complaint is filed." *Wiltshire v. Humpal Physical Therapy, P.C.*, No. 13-04-310-CV, 2005 WL 2091092, at *2 (Tex. App. —Corpus Christi Aug. 31, 2005, no pet.) (mem. op.); *City of Houston v. Fletcher*,

---

plaintiff specifically refers to it and it is central to her claim).
[6] In footnote one of its Motion, Yellowbook seeks to bring its motion to dismiss under 12(b)(1) as to Howe's Title VII claim but does not do so with respect to her TCHRA claim. However, it is well established that the Court may raise subject matter jurisdiction *sua sponte*. *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005).

63 S.W.3d 920, 922 (Tex. App.—Houston [14th Dist.] 2002, no pet.).  A charge filed with the EEOC, and forwarded by the EEOC to the TWC, satisfies the filing requirements of the TCHRA.  *See Price v. Philadelphia Am. Life Ins. Co.*, 934 S.W.2d 771, 773–74 (Tex. App.—Houston [14th Dist.] 1996, no writ).  "Texas courts hold that it is the entitlement to a right-to-sue letter rather than the receipt of the letter that exhausts the complainant's administrative remedies." *Wooten v. Fed. Exp. Corp.*, No. 3:04-CV-1196-D, 2007 WL 63609, at *8 n.14 (N.D.Tex. Jan. 9, 2007) (Fitzwater, C.J.) (*citing Rice v. Russell-Stanley, L.P.*, 131 S.W.3d 510, 513 (Tex. App.—Waco 2004, pet. denied)), *aff'd*, 325 F. App'x 297 (5th Cir. 2009).  "[T]he right-to-sue letter is not part of the exhaustion requirement, only notice of exhaustion [is required]." *Rice*, 131 S.W.3d at 513.

Relying on *Vielma v. Eureka Co.*, 218 F.3d 458, 462–63 (5th Cir. 2000), Howe asserts that under the Workshare Agreement between the EEOC and the Commission, the charge she filed with the EEOC was filed with the Commission.  However, in *Vielma*, there was evidence that the Commission had received plaintiff's charge.  After plaintiff requested the Commission's version of a right-to-sue letter, the Commission sent plaintiff a letter notifying her that it had dismissed her complaint.  *Id.* at 461.  Federal and state law on this issue indicates that there must be evidence, beyond the existence of the Workshare Agreement, that the charge was actually filed with the Commission.  *See Acker v. DeBoer, Inc.*, No. 3:04-CV-1327-R, 2006 WL 1489265, at *2–3 (N.D. Tex. May 24, 2006) (finding TCHRA filing requirement satisfied, because plaintiff filed an EEOC charge in which he indicated his wish for the Commission to also review his claim); *Westbrook v. Water Valley ISD*, No. 03-04-00449-cv, 2006 WL 1194527, at *3 (Tex. App.—Austin May 5, 2006, pet. denied) (finding TCHRA filing requirement satisfied where plaintiff properly designated her charge be dual-filed by checking the appropriate box on

the EEOC charge, but citing, in footnote, case where court found dual-filing can be accomplished without checking the box, because EEOC employee testified to forwarding EEOC charge to Commission); *Smith v. Univ. of Tex. Southwestern Med. Ctr. Of Dallas*, 101 S.W.3d 185, 188–89 (Tex. App.—Dallas 2003, no pet.) (finding plaintiff did not present any evidence that the Commission ever received, investigated or resolved her charge and thus lacked subject matter jurisdiction).

Here, there is no evidence that Howe indicated to the EEOC that she wanted the charge to be dual-filed with the Commission or that it was forwarded to the Commission. The box on Howe's EEOC charge, which would indicate a desire to have it filed with a state or local agency, is not checked, (Yellowbook App. Ex. A-4.), and Yellowbook has submitted an affidavit that the Commission has no knowledge of a charge filed by Howe. (Yellowbook App. Ex. B.) Howe has not put forth any evidence to the contrary. Because there is no evidence that her claim was filed with the Commission, the Court finds that it lacks jurisdiction over Howe's TCHRA claims against Yellowbook, and they are dismissed with prejudice.

C.     IIED

Yellowbook asserts that Howe's claim for IIED is preempted by her Title VII claims, because IIED is a "gap filler" tort that does not lie where another cause of action could give Howe relief. Howe responds that because Title VII only provides a remedy for harassment that occurs in the workplace and her claim for IIED arises from events that occurred elsewhere, she has an independent basis for her IIED claim.

As the Texas Supreme Court stated in *Hoffmann-La Roche, Inc. v. Zeltwanger*, "[i]n creating the new tort, we never intended that it be used to evade legislatively-imposed limitations on statutory claims or to supplant existing common law remedies. Properly cabined, the tort

simply has no application when the actor intends to invade some other legally protected interest, even if emotional distress results." 144 S.W.3d 438, 447 (Tex. 2004) (internal quotations and citations omitted). The Texas Supreme Court further elaborated that "[i]f the gravamen of a plaintiff's complaint is the type of wrong that the statutory remedy was meant to cover, a plaintiff cannot maintain an intentional infliction [of emotional distress] claim regardless of whether he or she succeeds on, or even makes, a statutory claim." *Id.* at 448. While *Hoffmann-La Roche* applied the gap-filler doctrine to preempt IIED claims where the same facts were raised in the plaintiff's claim under the TCHRA, federal courts in this district have applied that same doctrine to IIED claims raised alongside Title VII claims. *See Johnson v. Blue Cross/Blue Shield of Texas*, 375 F. Supp.2d 545, 549 (N.D. Tex. 2005); *Tillison v. Trinity Valley Elec. Co-op., Inc.*, No. 3:03-CV-2490-D, 2005 WL 292423, *2 (holding that plaintiff could not pursue a claim for IIED because it is a gap-filler tort under Texas law that is only available where no other remedy exists, and plaintiff's claim was already "cognizable under federal anti-discrimination statutes"); *Sauceda v. Bank of Texas, N.A.*, 3:04-CV-2201-P, 2005 WL 578474, *3 (N.D.Tex. Mar. 9, 2005) (finding plaintiff's IIED claims preempted by her Title VII claims because they arise out of the same events and incidents).

Relying on *Gay v. Aramark Uniform and Career Apparel, Inc.*, No. 07-1161-H, 2007 WL 4190781, at *13–14 (S.D.Tex. Nov. 21, 2007), Howe asserts that she has an independent basis for asserting her IIED claim because the incident with Andrews took place in a hotel, not at the workplace. In *Gay*, the court found plaintiff alleged harassment that occurred inside and outside of the workplace, and because the TCHRA only provides a remedy for sexual harassment in the workplace, plaintiff had an independent basis to support a claim for IIED. However, Howe's IIED claims rely on the same facts that support her Title VII claims. Further, although Howe

asserts that the incident did not take place in the workplace, in her Petition, in an effort to bring the incident within the scope of Title VII, she alleges Andrews stated it was typical to have dinner meetings with staff, followed by drinks at a bar. *Cf. Kurth v. Gonzales*, 472 F. Supp. 2d 874, 883 n.13 (E.D. Tex. 2007) (citing *Dowd v. United Steelworkers of Am. Local 286*, 253 F.3d 1093, 1002 (8th Cir. 2001) for the proposition that harassment occurring outside the physical workspace can still form the basis of a hostile work environment claim). The "gravamen" of Howe's Petition is "the very type of wrong the statutory remedy" under Title VII was meant to provide. Accordingly, it is appropriate that Plaintiff's IIED claims against Yellowbook be dismissed with prejudice.

D.  Negligent Supervision and Retention

Yellowbook asserts that Howe's claim for negligent supervision and retention is preempted by her Title VII claims or, in the alternative, the Texas Workers' Compensation Act ("TWCA"). In response, Howe relies on the same arguments asserted in support of her IIED claim.

The TWCA provides the exclusive remedy for physical and emotional harm sustained in the course and scope of employment by a person employed by a covered employer. *See Chime, et al. v. PNC Bank, N.A.*, No. 3:96-CV-2848-H, 1998 U.S. Dist. LEXIS 1149, at *25–26 (N.D. Tex. Jan. 21, 1998) (finding negligent supervision and retention claims barred where PNC Bank was a participating employer under the TWCA); *Ajaz v. Continental Airlines*, 156 F.R.D. 145, 149–50 (S.D. Tex. 1994) (holding that plaintiff's negligent supervision claim was barred because TWCA is the exclusive remedy for physical and emotional harm sustained in the course and scope of employment). Howe filed a Workers' Compensation Act claim concerning the injuries she allegedly suffered as a result of the incident at the hotel. (Yellowbook's App. Ex. A-2.)

Howe does not dispute this evidence.  Because the TWCA provides the exclusive remedy, Plaintiffs' negligence claims are barred.  Moreover, Title VII preempts Howe's claim for negligent supervision and retention.  To support her Title VII claim, Howe relies on the incident at the hotel and alleges that Yellowbook took no action against Andrews, leading to her constructive discharge.  Howe's negligent supervision and retention claims rely on the same allegations and are thus barred.  *See Chime*, 1998 U.S. Dist. LEXIS 1149, at *26 (finding negligent supervision and retention claims barred because support for those claims involved the same activity complained of in support of Title VII and TCHRA claims).  Therefore, these claims are dismissed with prejudice.

E.     Fraudulent Misrepresentation

In her Petition, Howe asserts fraudulent misrepresentation claims.  Howe alleges that the promises made by Yellowbook and Andrews to promote her to Area Manager were fraudulent.  Howe further alleges that she relied on those promises when she moved to Waco.  Yellowbook argues that these claims should be dismissed either because they are preempted or because Howe has failed to allege sufficient facts to establish that Yellowbook knew its alleged promises to promote her were false when made, or were asserted without knowledge of their truth.  In response, Howe asserts that the claims are not covered by Title VII because they sound more in contract and emphasizes that her claims are that Yellowbook made promises with reckless disregard to their truth, not that Yellowbook knew the promises were false.  In reply, Yellowbook asserts that because Howe is an at-will employee, her fraudulent misrepresentation claims are illusory and not actionable.

Relying on *Waffle House, Inc. v. Williams*, 313 S.W.3d 796 (Tex. 2010), Yellowbook argues that Title VII preempts Howe's fraudulent misrepresentation claims.  However, in *Waffle

*House*, plaintiff did not bring a claim for fraudulent misrepresentation; rather, the court found that plaintiff's negligence claims were barred by the TCHRA. *Id.* at 813. Yellowbook cites no authority extending the court's holding in *Waffle House* to fraudulent misrepresentation claims, and the Court can find none. The Court finds that Title VII does not preempt Howe's fraudulent misrepresentation claims. *Cf. Wilson v. Sysco Food Servs. of Dallas, Inc.*, 940 F. Supp. 1003, 1014 (N.D. Tex. 1996) (reaching the merits of fraudulent misrepresentation claim brought alongside Title VII claim).

Further, in the Court's view, Yellowbook's argument that because Howe is an at-will employee terminable at any time for any reason, her fraudulent misrepresentation claims are illusory and not actionable, lacks merit. Under Texas law, an at-will employee is barred from bringing a cause of action for fraud against an employer based upon *the employer's decision to discharge the employee*. *Hanold, IV v. Raytheon*, Co., 662 F. Supp. 2d 793, 806 (S.D. Tex. 2009); *Brown v. Swett & Crawford of Texas, Inc.*, 178 S.W.3d 373, 379–80 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *Leach v. Conoco, Inc.*, 892 S.W.2d 954, 961 (Tex. App. —Houston [1st Dist.] 1995, writ dism'd w.o.j.). The circumstances under which Howe's employment with Yellowbook ended are more like those in *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 434–36 (Tex. 1986). In *Spoljaric*, plaintiff walked off the job after the company's president stated he had no intention of signing a proposed bonus plan and brought suit against defendant for fraudulent misrepresentation. Plaintiff proceeded to trial on his fraudulent misrepresentation claim, and the court upheld the jury's finding for the plaintiff on that claim. *Id.* The Court finds inapposite the cases barring an employee from bringing a cause of action for fraud against an employer based upon the employer's decision to discharge the employee. *Cf. Crow v. Rockett Special Util. Dist.*, 17 S.W.3d 320, 329 n.4 (Tex. App.—Waco 2000, pet.

denied) (finding *Spoljaric* inapposite because *Spoljaric* did not involve a fraud claim based on the employer's decision to discharge the employee, whereas *Rockett* involved employer's decision to discharge).  The Court therefore declines to dismiss Howe's fraudulent misrepresentation claims due to her at-will status.

The elements of a fraudulent misrepresentation claim are: "(1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation, the defendant (a) knew the representation was false, or (b) made the representation recklessly, as a positive assertion, and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) plaintiff actually and justifiably relied on the representation; and (7) the representation caused the plaintiff injury."  *Lane v. Halliburton*, 529 F.3d 548, 564 (5th Cir. 2008) (quoting *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex.2001)).  Having reviewed the entirety of Howe's Petition, even construing the Petition in favor of the Plaintiff, as it must, the Court has found no factual allegations that Yellowbook knew the representations were false or acted recklessly when making the representations.  *See Hildebrandt v. Indianapolis Life Ins. Co.*, No. 3:08-CV-1815-B, 2009 WL 2870024, at *5 (N.D.Tex. Sept. 8, 2009).  Further, Howe has offered no evidence to support a finding that the representations were false when made or made recklessly.  Howe neither alleges nor provides evidence regarding when she would be promoted, and the incident at the hotel occurred only two months after she accepted the position in Waco.  There is no evidence that Yellowbook or Andrews did not intend to honor their alleged promise to promote her.  It is based wholly on speculation and there is no basis for concluding that the claim is plausible.

In contrast, Yellowbook presents evidence that after the incident at the hotel, it issued a

warning to Andrews and removed Howe and the Waco office from any supervision by Andrews, and informed Howe of this action. (Yellowbook App. Ex. A-1.) Despite Yellowbook's action, Howe returned to Kentucky and was placed on a leave of absence beginning April 28, 2010. Howe ultimately terminated her employment in late May 2010 by working for another company, thereby precluding the promise from being fulfilled. (Yellowbook App. Ex. A. ¶ 8.) Therefore, Yellowbook is entitled to summary judgment on these claims.

### IV.  MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT FILED BY ANDREWS

A.  Title VII and TCHRA Claims

Andrews incorporates Yellowbook's arguments by reference and further asserts that Title VII and TCHRA do not provide for individual liability of a supervisory employee. In response, Howe states that her Title VII and TCHRA claims are asserted against Yellowbook only, not Andrews. Because the Petition is subject to a contrary construction, the Court dismisses the Title VII and TCHRA claims against Andrews with prejudice.

B.  IIED

Andrews incorporates Yellowbook's arguments by reference and asserts that Plaintiff has not alleged any facts concerning the suffering she endured. In response, Howe states that Andrews cannot rely on Title VII preemption, because he is not an employer.

The Court agrees that Andrews cannot properly rely on Title VII preemption to argue for the dismissal of the IIED claim. To recover damages for IIED, a plaintiff must establish that: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe. *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998). Extreme and outrageous conduct is conduct "so outrageous in

character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)). Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. *GTE Southwest, Inc. v. Bruce*, 998 S.W.2d 605, 612 (Tex. 1999); Restatement (Second) of Torts § 46 cmt. d (1965). The court is to determine, in the first instance, whether a defendant's conduct was extreme and outrageous. *GTE Southwest, In*c., 998 S.W.2d at 616; Restatement (Second) of Torts § 46 cmt. h (1965). However, when reasonable minds may differ, it is for the jury to determine whether the conduct was sufficiently extreme and outrageous to result in liability. *GTE Southwest, Inc.*, 998 S.W.2d at 616; Restatement (Second) of Torts § 46 cmt. h. (1965). The Court finds that reasonable minds may differ as to whether Andrews's conduct was sufficiently extreme and outrageous to result in liability. Plaintiff pleads that she advised Yellowbook's Human Resources representative that she was mentally, emotionally and physically damaged by Andrews's actions. Whether Howe's suffering is severe enough to result in liability is a determination to be made by the jury, subject to review of its determination by the Court. Therefore, the Court denies the Motion to Dismiss and/or for Summary Judgment as to the IIED claim against Andrews.

C.     Negligent Supervision and Retention

Andrews incorporates Yellowbook's arguments by reference. In response, Howe states that her claim for negligent supervision and retention was not brought against Andrews. Unlike Howe's Title VII and TCHRA claims, the Petition is not subject to a contrary construction with respect to this claim. The Court finds that Howe has not asserted a claim for negligent retention or supervision against Andrews. Therefore, Andrew's Motion to Dismiss and/or for Summary

Judgment as to this claim is denied as moot.

D.     Fraudulent Misrepresentation

Andrews incorporates Yellowbook's arguments by reference. For the reasons the Court found Yellowbook entitled to summary judgment on the fraudulent misrepresentation claims, *see* Section III.E, *supra*, the Court finds Andrews is entitled to summary judgment.

E.     Assault and Battery

Andrews contends that Howe's claim against him for assault and battery should be dismissed because of the exclusivity provision of the TWCA, as argued by Yellowbook with respect to Howe's claim for negligent supervision and retention. Andrews also asserts that Howe's Petition is silent as to any specific damages and that the acts in the hotel room that took place were consensual.

Andrews cites no authority, and the Court can find none, that supports his assertion that Howe's claim for assault and battery against a co-employee is barred by the TWCA. Under Texas law, "[a] person commits an assault if he 'intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.'" *Green v. Indus. Specialty Contractors, Inc.* 1 S.W.3d 126, 134 (Tex. App.—Houston [14th Dist.] 1999, no pet.). In her Petition, Howe alleges that Andrews, over her objections, touched her and attempted to force her into having sex, and that she reported this to Yellowbook's Human Resources department. The Court finds that that constitutes a sufficient pleading of an assault and battery claim and denies Andrews's Motion to Dismiss and/or for Summary Judgment on this claim.

V.     CONCLUSION

For the reasons stated above, the Motion to Dismiss and/or for Summary Judgment filed by Yellowbook is **GRANTED** in part and **DENIED** in part, and the Motion to Dismiss and/or for Summary Judgment filed by Andrews is **GRANTED** in part and **DENIED** in part.  As to Yellowbook, the Court dismisses with prejudice Howe's TCHRA, IIED, and negligent supervision and retention claims.  As to Andrews, the Court dismisses with prejudice Howe's Title VII and TCHRA claims for alleged sexual harassment/discrimination and retaliation and denies as moot her negligent supervision and retention claim.  As to both defendants, the Court finds they are entitled to summary judgment on the fraudulent misrepresentation claims.  Howe may proceed to trial against Yellowbook on her Title VII claims for alleged sexual harassment/discrimination and retaliation and against Andrews on her IIED and assault and battery claims.

**SO ORDERED**.

December 21, 2011.

*[signature]*
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**